(November 14, 1914.)

# R. F. BLUCHER, Respondent, v. MARY J. SHAW et al., Appellants.

[144 Pac. 342.]

REAL ESTATE MORTGAGE—FORECLOSURE—COMMUNITY PROPERTY—UN-
RECORDED DEED.

1. Where M. J. G., daughter of J. H. G., made an entry of 160
acres of land under the homestead laws of the United States, with
an understanding that her said father should assist her in improv-
ing said land and that she would thereafter convey to him one-half
of said land, and after procuring patent from the government for
such land she conveyed to her said father by deed in October, 1904,
eighty acres of said land, and her said father withheld said deed from
record until January 27, 1913, and procured a loan of over $4,000
from B. on the representation and as shown by the abstract of
title to said land that the said daughter, M. J. G., was the owner
of said land, and the said B. had no knowledge or information
which would put her on inquiry as to whether said J. H. G. and his
wife had any interest in said land, *held*, that the said mortgage is
a valid and subsisting lien on said land and that the trial court did
not err in granting the foreclosure thereof.

2. Under the provisions of sec. 3160, Rev. Codes, every convey-
ance of real property other than a lease for a term not exceeding
one year is void as against any subsequent purchaser or mortgagee
of the same property, or any part thereof, in good faith and for a
valuable consideration, whose conveyance is first duly recorded.

3. The evidence *held* sufficient to show that neither B. nor her
agent had any notice, constructive or otherwise, of the existence
of said deed conveying one-half of said land from M. J. G., the
daughter, to J. H. G., the father, prior to the execution of said
mortgage, and that said mortgage was procured in good faith and
for a valuable consideration.

APPEAL from the District Court of the Third Judicial
District for Ada County. Hon. Carl A. Davis, Judge.

Action to foreclose a mortgage on real estate. Judgment
for plaintiff. *Affirmed.*

Frank Butler, for Appellants.

The actual possession of land with the exercise of the usual acts of ownership and dominion over it, operates in law as a constructive notice to all the world of the claim of title under which the purchaser holds. (*Talbert v. Singleton,* 42 Cal. 390; *Scheerer v. Cuddy,* 85 Cal. 270, 24 Pac. 713; note in 13 L. R. A., N. S., 49.)

The claim of Grimmett to the ownership of the 80 acres of this property used as his residence is fully substantiated by the evidence and fulfills all the requirements laid down in the general rule. (*International Harvester Co. v. Myers,* 86 Kan. 497, 121 Pac. 500, 39 L. R. A., N. S., 528; Century Dig., secs. 344–353; Dec. Dig., sec. 154.)

Having readily accessible means of acquiring knowledge of a fact, which subsequent purchaser might have ascertained by inquiry, is equivalent to notice and knowledge of it. (*Montgomery v. Keppel,* 75 Cal. 128, 7 Am. St. 125, 19 Pac. 178; *Beattie v. Crewdson,* 124 Cal. 577, 57 Pac. 463; *Eversdon v. Mayhew,* 65 Cal. 163, 3 Pac. 641; *Wilhoit v. Lyons,* 98 Cal. 409, 33 Pac. 325.)

"Possession under apparent claim of ownership is notice to purchasers of whatever interest the person actually in possession has in the fee." (*Kirby v. Tallmadge,* 160 U. S. 379, 16 Sup. Ct. 349, 40 L. ed. 463; *Carr v. Brennan,* 166 Ill. 108, 57 Am. St. 119, 47 N. E. 721; *Cornell v. Maltby,* 165 N. Y. 557, 59 N. E. 291.)

"Constructive notice of a prior unrecorded title is as effectual as actual notice to defeat title of a subsequent purchaser." (*Anthony v. Wheeler,* 130 Ill. 128, 17 Am. St. 281, 22 N. E. 494; *McAlpine v. Resch,* 82 Minn. 523, 85 N. W. 545.)

John F. Nugent, for Respondent.

If the person in possession of realty himself misleads the prospective mortgagee and by words and acts induces him to believe that the land belongs to the holder of the apparent title, he cannot afterward be heard to say that the fact of his possession was notice of his rights or that it was a circum-

stance putting the prospective mortgagee upon inquiry as to such rights. Grimmett cannot claim the benefit of the rule, and is estopped from now asserting ownership of the premises in himself. (*Eastwood v. Standard Mines & M. Co.*, 11 Ida. 195, 81 Pac. 382; *Farber v. Page & Mott Lumber Co.*, 20 Ida. 354, 118 Pac. 664; *Froman v. Madden*, 13 Ida. 138, 88 Pac. 894; *Filipini v. Trobock*, 134 Cal. 441, 66 Pac. 587.)

SULLIVAN, C. J.—This action was brought by the respondent to foreclose a mortgage upon certain real estate situated in Ada county, which mortgage was given to secure a principal of $4,450 and interest. The mortgage also provides for an attorney's fee. The court made findings of fact, conclusions of law and entered a decree in favor of the respondent for the foreclosure of said mortgage and for a deficiency judgment against all of the appellants except Bellzina Grimmett in case the land did not sell for sufficient to pay the amount of the judgment. The appeal is on behalf of J. H. Grimmett and Bellzina Grimmett, his wife.

It appears from the record that the mortgage and notes involved in this action were executed by J. H. Grimmett, Guy Shaw and Mary Jane Shaw, his wife. The title of record of said land stood in the name of Mary J. Grimmett, she having entered it as a homestead under the land laws of the United States. Mary J. Shaw is the daughter of J. H. Grimmett and his wife, Bellzina Grimmett. She entered said land in the year 1902 and thereafter procured title from the government. There was an understanding or agreement between the father and daughter that they would all reside upon the land, and after the daughter had procured title thereto she would convey to J. H. Grimmett one 80-acre tract of the land included in said entry, and in compliance with said contract, Mary J. conveyed to her father 80 acres of said land, about the month of October, 1904. J. H. Grimmett withheld said deed from record until the 27th of January, 1913, and the abstract of title to said land showed the title to be in Mary J. Grimmett.

In about the month of November, 1904, Mary J. Grimmett and the defendant Guy Shaw were married, and soon there-

after removed from said land, and with the exception of a few months have not resided on it since.

On December 14, 1908, the plaintiff and her brother loaned to Mary J. and Guy Shaw and J. H. Grimmett $4,000 and took a promissory note for said sum of money so loaned, signed by said defendants, the payment of which promissory note was secured by said mortgage on said land and a water right which had been procured in the name of J. H. Grimmett and used for the purpose of irrigating said land. Said promissory note became due on December 14, 1911, and was not paid, and new notes, one in the sum of $4,000, representing the principal, and one in the sum of $450, representing the accrued interest and costs, were executed by said Mary J. and Guy Shaw and J. H. Grimmett for the purpose of having the first mortgage canceled, and a mortgage was executed by said defendants upon said land and water right to secure said two promissory notes, and the mortgage given in 1908 was satisfied of record.

The defense of Bellzina Grimmett is based upon the ground that she and her husband were residing upon said land at the time the said mentioned mortgages were executed, and that she had no knowledge or information in regard to the execution of said mortgages and that the 80 acres of land conveyed to her husband by her daughter was community property and her home and residence.

Considerable testimony was taken by the trial court upon the several issues made by the pleadings and the court made findings of fact and conclusions of law in favor of the contentions of the plaintiff, and concluded that said mortgage was executed and delivered to plaintiff by the defendants, Mary J. Shaw, Guy Shaw and J. H. Grimmett, and that neither the plaintiff, her brother, nor her agent had notice of said unrecorded deed from Mary J. Grimmett to J. H. Grimmett for 80 acres of said land, and that plaintiff loaned said sum of money to the defendants in good faith and without any knowledge or information that the appellant, Bellzina Grimmett, had any interest whatever in said land. It appears from the record that in the month of October, 1904,

Mary J. Grimmett conveyed eighty acres of land to her father, J. H. Grimmett, and that he withheld the deed from record from that time until January 27, 1913, and it also appears that neither the plaintiff nor her agent had any information in regard to said conveyance, and the evidence clearly shows that the respondent is a mortgagee in good faith. Sec. 3160, Rev. Codes, provides as follows:

"Every conveyance of real property other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded."

The abstract of title furnished by J. H. Grimmett to the respondent showed the title in Mary J. Grimmett, and the evidence shows that J. H. Grimmett informed the respondent and her agent that Mary J. (Grimmett) Shaw owned said land. After the husband, J. H. Grimmett, had so informed the respondent and her agent, it certainly would have been presumptuous on their part to go to Bellzina Grimmett, his wife, and inquire of her whether she owned any interest in said land, since they had no notice or intimation whatever that she had any interest in said land.

We find the evidence amply sufficient to sustain the findings and judgment. The judgment must therefore be affirmed, and it is so ordered, with costs in favor of the respondent.

Truitt, J., concurs.